UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO GOMEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ADELANTO DETENTION FACILITY,<br><br>　　　　Respondent. | No. CV 12-9417 FFM<br><br>ORDER RE RESPONDENT'S MOTION TO DISMISS AMENDED PETITION |

## I. PROCEDURAL HISTORY

On November 2, 2012, Petitioner Antonio Gomez ("Petitioner") filed a Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254. He filed an Amended Petition on March 6, 2013. The parties have consented to have the undersigned conduct all further proceedings in this case.

On April 22, 2013, Respondent Adelanto Detention Facility filed a motion to dismiss. Petitioner's opposition to the motion to dismiss was initially due on May 23, 2013. Petitioner, however, did not file a timely opposition. Although Petitioner was granted an extension of time in which to file his opposition, Petitioner failed to do so. The matter, thus, stands submitted and ready for decision.

///

///

## II.  BACKGROUND

On July 20, 2010, in Case No. NA077232, a Los Angeles County Superior Court jury convicted Petitioner of three counts of dissuading a witness by force or threat and two counts of making criminal threats.  (Lodged Doc. No. 1 at 1-2.)  He was sentenced to state prison for a term of six years.  (*Id.*)  He began serving his sentence on August 23, 2010.  (Lodged Doc. No. 3 at 3.)

Less than one year later, on May 24, 2011, Petitioner was paroled.  (*Id.*)  He was discharged from parole on July 12, 2012.  (*Id.*)  Two weeks later, on July 26, 2012, he was taken into federal custody for being in the country illegally.  He remains in federal custody to this day.

## III.  DISCUSSION

In his Amended Petition, Petitioner challenges his 2010 state court conviction and sentence.  Respondent contends that the Amended Petition should be dismissed because subject matter jurisdiction is lacking.  Specifically, Respondent asserts that Petitioner is no longer in custody.  Because custody is a prerequisite to maintain a habeas petition, Respondent concludes that the Petition should be dismissed.  As explained below, the Court agrees.[1]

Subject matter jurisdiction under 28 U.S.C. § 2254 is limited to those persons "in custody pursuant to the judgment of a State court."  28 U.S.C. § 2254(a); *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994).  The "in custody"

---

[1] Although, as explained below, the Court holds that subject matter jurisdiction is lacking, the Court also holds that dismissal is appropriate based on Petitioner's failure to oppose Respondent's motion to dismiss.  "The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  Local Rule 7-12.  In this case, the Court deems Petitioner's failure to oppose as consent to the granting of Respondent's motion to dismiss.

requirement of Section 2254, however, encompasses more than just physical confinement in prison. *See Jones v. Cunningham*, 371 U.S. 236, 239-40, 83 S. Ct. 373, 9 L. Ed. 2d 285 (1963)). As is relevant here, the "in custody" requirement includes individuals on parole or probation. *See id.* at 240-43 (parole satisfies "in custody" requirement); *Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005) (probation satisfies "in custody" requirement). By contrast, a petitioner whose sentence has fully expired is precluded from challenging that sentence because he is no longer "in custody" for purposes of federal habeas review. *Maleng v. Cook*, 490 U.S. 488, 492, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989).[2]

Here, the Court lacks subject matter jurisdiction over this action because it was initiated after Petitioner's sentence had fully expired. Petitioner was discharged from parole on July 12, 2012. He did not initiate this action until nearly five months later, on November 2, 2012. Accordingly, he was not "in custody" with respect to his state court conviction when he initiated this action.

Moreover, the fact that Petitioner was in federal custody when he initiated this action (and is currently in federal custody) makes no difference in terms of whether the Court has subject matter jurisdiction over Petitioner's challenge to his expired state sentence. "The collateral consequences of [a] conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon [the conviction]." *Maleng*, 490 U.S. at 492. And, as the Ninth Circuit has held, immigration consequences of a state court conviction constitute collateral consequences for purposes of determining whether or not

---

[2] The Supreme Court has recognized that, in extremely limited circumstances, a state prisoner may challenge expired state convictions through federal habeas corpus when the prior convictions are used to enhance a current state sentence. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001). Because Petitioner is not currently serving a state prison sentence, the *Lackawanna* exceptions are not relevant to this case.

3

subject matter jurisdiction is lacking.  *Resendiz v. Kovenski*, 416 F.3d 952, 957 (9th Cir. 2005) (immigration detainee facing deportation because of state conviction is not in state custody for purposes of § 2254), *abrogated on other grounds by Chaidez v. United States*, __ U.S.__, 133 S. Ct. 1103, 185 L. Ed. 2d 149 (2013).  In reaching this holding, the Ninth Circuit reasoned that immigration consequences "arise from the action of an independent agency-indeed, in the case of a state conviction, an independent sovereign – and are consequences over which the state trial judge has no control whatsoever." *Id.* (citing *United States v. Amador-Leal*, 276 F.3d 511, 515-16 (9th Cir. 2002)).  That reasoning applies with equal force in this case.

      Finally, the Supreme Court's recent decision in *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 1481-82, 176 L. Ed. 2d 284 (2010), does not alter the subject matter jurisdiction analysis.  In *Padilla*, the Supreme Court held that a defense counsel performed deficiently by failing to advise the defendant that his guilty plea made him subject to automatic deportation.  In so holding, the Supreme Court expressed some reluctance to classify the possibility of deportation as a collateral, as opposed to a direct, consequence of a criminal conviction.  130 S. Ct. at 1482.  The Supreme Court, however, did not resolve this question because it had "never applied a distinction between direct and collateral consequences to define the scope of constitutionally 'reasonable professional assistance' required under *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." *Padilla*, 130 S. Ct. at 1481. Because the Supreme Court has not determined whether immigration consequences are direct or collateral consequences of a conviction, the Court is bound to follow the existing Ninth Circuit precedent, which holds that they are collateral consequences.  *Resendiz*, 416 F.3d at 957; *but see King v. Sec., Dept. of Corrs.*, 2013 WL 1149295, *1 n.2 (M.D. Fla. March 19, 2013) (assuming without deciding that, in light of *Padilla*, possibility of deportation stemming from state

court conviction satisfies "in custody" requirement for purposes of 28 U.S.C. § 2254 where petitioner's sentence "fully expired years ago").

Regardless, in this case, Petitioner is facing the possibility of being deported not for his criminal conviction, but instead because he is in the country illegally. (Motion to Dismiss, Decl. of Lance Winters ¶4.) Thus, the immigration proceeding at issue in Petitioner's case is not a consequence of his state court conviction. It is, rather, a consequence of his illegal status.

For the foregoing reasons, Respondent's motion to dismiss is GRANTED. As such, Petitioner's Amended Petition is dismissed without prejudice.

DATED: August 21, 2013

                                                  /S/ FREDERICK F. MUMM
                                                  FREDERICK F. MUMM
                                            United States Magistrate Judge